UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## REPORT AND RECOMMENDATION

April 29, 2013

All Counsel via ECF

Re:  Doris A. Baruch v. United States of America
     Civil Action No. 12-767 (CCC / JAD)

Dear Counsel:

This will address the parties' cross motions wherein the taxpayer Petitioner seeks to quash an IRS Formal Document Request ("FDR") (ECF No. 1) and the Government seeks to dismiss the petition to quash the FDR (the "Petition") (ECF No. 2), as well as Petitioner's motion to extend the time to serve a summons pursuant to Fed. R. Civ. P. 4(m) (ECF No. 15).

The facts giving rise to this dispute are relatively straightforward.[1]  On November 8, 2011, the IRS (the "Government") issued to petitioner Doris A. Baruch ("Petitioner") an FDR pursuant to section 982 of the Internal Revenue Code, 26 U.S.C. § 982 (the "Code"). (Br. Supp. Mot. Extend Time 4, ECF No. 15-1).  The FDR requested the production of certain documents related to Petitioner's "Foreign Accounts." Section 982 of the Code authorizes the IRS to issue an FDR to any United States taxpayer to obtain foreign-based documentation.  An FDR is "any request (made after the normal request procedures have failed to produce the requested documentation) for the production of foreign-based documentation which is mailed by registered or certified mail to the taxpayer at his last known address and which sets forth:

---

[1] The facts are taken from the parties' submissions.

1

    (A)    the time and place for the production of the documentation,

    (B)    a statement of the reason the documentation previously produced (if any) is not sufficient,

    (C)    a description of the documentation being sought, and

    (D)    the consequences to the taxpayer of the failure to produce the documentation described in subparagraph (C)."

26 U.S.C. § 982(c)(1).

Congress also provided that the taxpayer may move to quash the FDR as follows:

Proceeding to Quash:

**(A) In general.** –Notwithstanding any other law or rule of law, any person to whom a formal document request is mailed shall have the right to begin a proceeding to quash such request not later than the 90th day after the day such request was mailed. In any such proceeding, the Secretary may seek to compel compliance with such request.

**(B) Jurisdiction**. –The United States district court for the district in which the person to whom the formal document request is mailed) resides or is found shall have jurisdiction to hear any proceeding brought under subparagraph (A). An order denying the petition shall be deemed a final order which may be appealed.

**(C) Suspension of 90-day period.** –The running of the 90 day period referred to in subsection (a) shall be suspended during any period during which a proceeding brought under subparagraph (A) is pending.

26 U.S.C. § 982(c)(2).

On February 8, 2012, Petitioner filed the Petition seeking to quash the FDR. (Supplemental Br. Equitable Tolling 1, ECF No. 18). However, February 8, 2012 was ninety-

two days after the service of the FDR, which occurred on November 8, 2011. (Id.).[2] Accordingly, the Government argued that the Petition should be dismissed as time-barred because the Code requires that any "proceeding" to quash an FDR be brought within ninety days of the FDR's mailing. (Id.). Furthermore, the Petitioner failed to issue a summons pursuant to Fed. R. Civ. P. 4(m). (Br. Opp. Mot. to Extend Time 4, ECF No. 17). Such failure, the Government argues, divests this Court of jurisdiction. (Id.).

After a hearing on September 5, 2012, the Court directed the parties to submit supplemental briefing on the following two issues: (1) whether good cause exists to extend the 120 day period set forth in Fed. R. Civ. P. 4 to serve a summons on the Government; and (2) whether equitable tolling applies to extend by two days the 90 day period to move to quash set forth in 26 U.S.C. §982(c)(2)(A). (Text Order, ECF No. 14).

## I.     Requirement of a Summons and Analysis of Good Cause.

The Government argued that this Court lacks personal jurisdiction over the Government because Petitioner failed to serve a Rule 4(m) summons. Petitioner conceded that it did not serve a Rule 4(m) summons, but argued that (1) it is unclear whether service of a 4(m) summons is necessary in this circumstance, and (2) that, if a Rule 4(m) summons is necessary, it is entitled to an extension of the 120-day period in which it was required to serve such a Rule 4(m) summons. (Br. Supp. Mot. Extend Time 3, ECF No. 15-1). Specifically, Petitioner argued that Rule 4 permits a Court to extend the time for service beyond the 120-day period if a party shows good cause for its noncompliance, or in the Court's discretion. (Id.). The Government, however, argued that Petitioner's ignorance of the law -- which the Government characterized as "binding Supreme Court and Third Circuit precedent" (Br. Opp. Mot. to Extend Time 7, ECF No. 17) – is

---

[2] Petitioner argues that it is impossible to know <u>when</u> the Government mailed the FDR because no mailing date is set forth in the FDR. (Mem. Law Opp. Mot. Dismiss 7, ECF No. 3).

no excuse for its failure to serve a 4(m) summons. Furthermore, the Government contended that Petitioner cannot meet the good cause requirement necessary for the Court to extend the time period set by Rule 4(m) to now serve the summons.

As a primary matter, although no case in this District is directly on point, the cases relied on by the Government for the proposition that a summons was required are persuasive,[3] and this Court concludes that a Rule 4(m) summons was required. However, Petitioner cannot be said to have ignored established law. Indeed, Petitioner points to the docket in Caruso v. Internal Revenue Service, Docket No. 3:09-cv-01586, a matter brought in this District and in which the Court quashed a third-party summons issued by the IRS notwithstanding that it does not appear that a Rule 4(m) had been served. (Br. Supp. Mot. Extend Time 6, ECF No. 15-1). Although the Government attacks the result of the Caruso petition, the Court concludes that Petitioner's superficial reliance on Caruso was not entirely unreasonable.[4]

The Government also makes a strong point that Petitioner could have easily cured this problem by serving a summons on the Government after the Government pointed out the problem. In fact, Petitioner, in its opposition to the Government's motion to dismiss, stated that it would serve a summons if this Court required it to. (Br. Supp. Mot. Extend Time 6, ECF No. 15-1). Had Petitioner simply served the Rule 4(m) summons at such time, the summons would

---

[3] Kowlek v. United States, 2011 WL 1100077 at *2 (W.D. Pa. 2011) (petition to quash an IRS summons requires service of a Fed. R. Civ. P. 4 summons); Norfleet v. United States, 2002 WL 1396494 at ** 2-3 (E.D.N.C.), aff'd, 48 Fed. Appx. 907 (4th Cir. 2002); Tuka v. United States, 2008 WL 4372363 (W.D. Pa. 2008).

[4] The Government protests too loudly that Magistrate Judge Arpert "issued an improper ex parte order" (Br. Opp. Mot. Extend Time 10, ECF No. 17). Ex parte orders are not necessarily improper. Failure or refusal to appear by parties and off the record conferences that Magistrate Judges are by law permitted to hold on procedural matters may, and often do, result in orders that are technically ex parte but otherwise appropriate. There is nothing in the public record of Caruso that provides support for the Government's rather strong language.

have been timely. However, it was ultimately the Court's schedule that pulled this matter outside of the period.

Since, as the Government argued, the "primary focus is on Plaintiff's reasons for not complying with the time limit in the first place (Br. Opp. Mot. to Extend Time 11, ECF No. 17), the Court finds that, while ultimately incorrect, Petitioner's conduct in failing to serve a Rule 4(m) summons was undertaken in good faith. More specifically, the Court finds that the parties disagreed on whether a Rule 4(m) summons was required with respect to the Petition, and, in the end, the Government had the better argument. Petitioner acted in good faith and, therefore, good cause can be found to extend the time under Rule 4(m). In addition, the Court finds that the Government, which received notice of the Petition and filed a motion to dismiss less than two weeks after receiving it, suffered no prejudice by the fact that a Rule 4(m) summons was not served.

Accordingly, the Court finds good cause to extend the 120-day period and allow Petitioner to serve a summons on the Government with the Petition. The Court recommends that the District Court **grant** Petitioner's motion to extend the time to serve a Rule 4(m) summons. (ECF No. 15).

## II.    <u>Equitable Tolling.</u>

This, however, does not resolve the matter. The Government argued that Petitioner filed the Petition two days too late – which results in the doctrine of sovereign immunity barring the Petition – and that equitable tolling does not apply to Section 982 of the Code.

The Government argued that §982(c)(2)(A) is a jurisdictional statute. Accordingly, and pursuant to <u>United States v. Brockamp</u>, 519 U.S. 347 (1997), equitable tolling is unavailable no matter what facts are available to Petitioner. In <u>Brockamp</u>, the Supreme Court considered

whether Congress intended that equitable tolling be available to extend the deadline for filing tax refund claims. Id. at 342. For various reasons the Court determined that equitable tolling was not available. Id. Thereafter, the Court of Appeals for the Third Circuit applied the rule of Brockamp in Becton Dickinson and Co. v. Wolkenhauer, 215 F. 3d 340 (3rd Cir. 2000). Becton Dickinson, as applied to the facts of this matter, convinces this Court that equitable tolling is not available to Petitioner "regardless of the equities." Id. at 341. Because this Court finds that Becton Dickinson requires a conclusion that equitable tolling is not permissible, it will not reach an analysis of those factors.[5]

This action, like that in Becton Dickinson, is not a lawsuit between private litigants; rather it is an action against the United States. Accordingly, "sovereign immunity is implicated." Id. at 345. Therefore, the question presented, as Becton Dickinson explicitly recognizes, is whether Congress intended that equitable tolling can be applied to the time limitation in § 26 USC 982(c)(2)(A). See Id. at 346.

The Court in Becton Dickinson noted that the Supreme Court had twice before examined this question and the primary focus must be on Congressional intent. Id. at 346 (citing United States v. Brockamp, 519 U.S. 347, 353 (1997) and Irwin v. Dep't. of Veterans Affairs, 489 U.S. 89, 95, (1990)). The Court then concentrated on three points of discussion.

---

[5] Such an analysis, however, would have weighed in favor of Petitioner. First, Congress tied the date for compliance at 90 days from mailing and allows the government to extend that time period. See, 26 U.S.C. 982(d). Second, the IRS in this matter inserted a due date of February 11, 2012, 92 days from the date of service, apparently taking advantage of its right to extend the period to respond. A two day extension, however, is akin to offering the sleeves off one's vest. It is a curious date and the Court is hard pressed to understand why, on November 11, 2011, when the FDR was issued, the IRS would have determined that granting a two day extension was an appropriate thing to do. The Petitioner's reliance upon the due date of February 8, 2012, is mathematically incorrect, but when one considers the dates of November 8, 2011 and February 8, 2012, together with the Petitioner's statutory right to move to quash within 90 days against Petitioner's statutory obligation to comply with the FDR within 90 days, Petitioner's reliance thereon borders on justified.

First, the Third Circuit held that with respect to statutes that authorize actions against the government only (and not between private litigants) the rebuttable presumption found in Irwin that equitable tolling applies "has no meaning." Id. at 329. This rule applies here. The statutory framework provides that taxpayers who have been served with an FDR may file petitions to quash. Section 983 does not authorize an action against private litigants and, thus, there is no rebuttable presumption that equitable tolling applies.

Second, the Third Circuit examined the statutory language of § 6532(c) to glean Congressional intent. The Court noted that the time limit set forth in § 6532(C) was not permissive. Section 6532(c) states, *inter alia,* "no suit or proceeding…shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to the action." Id. at 344. The operative statutory provision in the instant matter reads: "Notwithstanding any other law or rule of law, any person to whom a formal document request is mailed shall have the right to begin a proceeding to quash such request no later than the 90th day after the day such request was mailed." 26 U.S.C. § 982(c)(2)(A). The language of Section 982 is similar to that examined in Becton Dickinson but, one could argue, not as emphatic. It must be said, however, that "no later than" is more emphatic than "on or before" or "by," phrases and words Congress could have used but chose not to. In other words, despite the slight difference in language, the reasoning of Becton Dickinson appears to apply with equal force to this matter.

Third, the Third Circuit examined, pursuant to Brockamp, the underlying subject matter of that action. As in Brockamp and Becton Dickinson, the underlying subject matter in this matter is tax collection. In Becton Dickinson, the Court, echoing the Supreme Court in Brockamp, noted that such underlying subject matter "underscores the linguistic point," meaning that: "To read an 'equitable tolling' exception into § 6511 could create serious administrative

problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for 'equitable tolling' which, upon close inspection, might turn out to lack sufficient equitable justification." 215 F.3d at 350 (quoting Brockamp, 519 U.S. at 352).

The Court in Becton Dickinson noted that wrongful levy lawsuits would turn into "serious administrative problems" if equitable tolling was allowed to expand the time to bring such claims. Id. at 350. One of the reasons supporting that conclusion – namely that wrongful levy suits can be brought by anyone, not just taxpayers – is not present in this matter. However, the absence of that factor does not undercut the Supreme Court's reasoning in Brockamp: equitably tolling the time to contest an FDR (or any action against the IRS) increases the administrative burden of an agency that is charged with the task of collecting delinquent taxes. This Court concludes that ruling out equitable tolling here will likewise "result in a more workable tax enforcement system." Brockamp, 519 U.S. at 352.

Accordingly, in reviewing Brockamp and Becton Dickinson, this Court finds that, absent any other reason, equitable tolling was not contemplated by Congress and is not available in this matter.

As stated above, this Court concludes that Petitioner has good cause to extend the 120-day period to serve a Rule 4(m) summons. Accordingly, this Court has jurisdiction to hear this matter and recommends that the District Court **grant** Petitioner's motion to extend the time to serve a Rule 4(m) summons. (ECF No. 15). This Court reluctantly[6] concludes, however, that Petitioner's filing of the Petition two days after the 90 day period ran cannot be equitably tolled and therefore recommends that the District Court **grant** the Government's motion to dismiss the Petition (ECF No. 2).

---

[6] See Footnote 5 infra.

In light of this recommendation, the Court further recommends that the District Court deny Petitioner's motion to quash the FDR (ECF No. 1).

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Claire C. Cecchi, U.S.D.J.